UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARTIN LOMAKOSKI,

      Plaintiff,                          Civil Action No.:
                                             Honorable
v

TOTAL RESPONSE EMS,
INC.,

      Defendant.

_____

JAMES B. RASOR  (P 43476)
ANDREW J. LAURILA  (P 78880)
Rasor Law Firm, PLLC
Attorneys for Plaintiff
201 E. Fourth Street
Royal Oak, MI  48067
248/543-9000 // 248/543-9050 fax
_____

**COMPLAINT & JURY DEMAND**

      NOW COMES PLAINTIFF, MARTIN LOMAKOSKI, by and through his

attorneys, Rasor Law Firm, PLLC, and for his Complaint against Defendant TOTAL

RESPONSE EMS, INC., states as follows:

**GENERAL ALLEGATIONS**

**Parties**

      1.     At all relevant times, Plaintiff Martin Lomakoski ("Lomakoski"), was

a resident of the City of Romeo, County of Macomb, State of Michigan.

2.    At all relevant times, Defendant Total Response EMS, Inc. ("TRE") is a Domestic Profit Corporation duly authorized under the laws of Michigan that is licensed to do business in the State of Michigan, and specifically has a principal place of business located in Southfield, Michigan.

3.    At all material times, Plaintiff was an employee of Defendant TRE.

4.    This lawsuit arises out of events occurring within the City of Southfield, County of Oakland, and State of Michigan.

## Jurisdiction and Venue

5.    This cause of action involves violations of Plaintiff's civil rights, as secured by the United States and Michigan Constitutions, and is brought pursuant to the False Claims Act, 31 U.S.C. § 3730(h) and the Michigan Whistleblower Protection Act ("WPA").

6.    This Court has jurisdiction over the claims arising under federal law pursuant to 28 USC §§ 1331, 1343 and specifically in this case, 31 U.S.C. § 3730(h)(3).

7.    Defendant TRE is an "employer" within the meaning the WPA, MCL § 15.361(b).

8.    The amount in controversy exceeds $75,000.00 exclusive of costs, interest, and attorney fees, and jurisdiction is otherwise proper in this Court.

9.    Venue is appropriate in this Court pursuant to 28 USC §1391(b), as this cause of action arises out of occurrences that took place within this District in the

County of Oakland and Defendant transacts and conducts business within this District.

<h2 style="text-align:center"><u>COMMON FACTUAL ALLEGATIONS</u></h2>

10.    Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs one through 9 of the General Allegations, as if fully set forth herein, paragraph by paragraph, word for word.

11.    Plaintiff began working for Defendant—who provides EMS services—as a Paramedic on or around April of 2020.

12.    During his employment, Defendant commenced an employee health insurance program, where employees paid into the program to receive personal health insurance.

13.    Despite that employees were actively paying into this health insurance program, Defendant did not actually implement a health insurance program, meaning that employees were essentially paying for nothing.

14.    Plaintiff had intended to opt-in to this program to supplemental his wife's health insurance, but ultimately did not given it became clear that Defendant was taking money for insurance from employees but never actually providing insurance.

15.    In January of 2021, among various letters that were sent to Defendant pertaining to this insurance issue by Plaintiff and his coworkers, Plaintiff confronted

Defendant's owner, Paul Norwood, about the lack of insurance despite employees paying for it.

16.     In response, Norwood told Plaintiff there was insurance.

17.     As Plaintiff knew from various coworkers that this was not true, Plaintiff told Norwood that he was going to file a police report as it seemed Defendant was embezzling money by taking employee money for nonexistent health insurance.

18.     Also, during this January 2020 meeting with Norwood, Plaintiff expressed to Norwood that he felt various aspects of Defendant's Medicare billing was unlawful and in all of Plaintiff's years as a paramedic, he had never seen such questionable conduct.

19.     A large portion of Defendant's EMS services are ultimately covered by Medicare payments.

20.     The crux of Plaintiff's confrontation with Norwood opposing Defendant's patient billing practices included what Plaintiff observed as Defendant requiring paramedics to provide unnecessary medical treatment to ambulance patients and after-the-fact alterations of EMS narratives.

21.     A few days after Plaintiff confronted Norwood in January of 2021 about his intention to report the health insurance/embezzlement to the police and how he observed what he believed was unlawful billing practices, Norwood issued a

company-wide memo telling employees that they would get their money back that had been paid towards non-existence health insurance.

22.    However, by February 1, 2021, because Defendant had still neither implemented an employee health insurance program nor refunded employee money they improperly paid towards the same, Plaintiff again met with Norwood.

23.    During this February 1, 2021 meeting, Norwood abruptly informed Plaintiff that he was being terminated.

24.    Not only did Norwood provide a patently erroneous for Plaintiff's termination, but Plaintiff had never been disciplined before.

25.    It became clear that Plaintiff's abrupt, arbitrary termination arose from his weeks-earlier opposition to Defendant's billing practices and statement he would be filing a police report for embezzlement regarding Defendant's employee health insurance practices.

## COUNT I – FALSE CLAIMS ACT RETALIATION
### 31 U.S.C. § 3730, *et seq.*

26.    Plaintiff hereby restate and re-allege the allegations contained in paragraphs 1 through 25 above, as though fully set forth herein.

27.    Pursuant to 31 U.S.C. § 3730(h)(1), "[a]ny employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee,

contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter."

28.     Section (h)(1) sets forth that an employee cannot be retaliated against for engaging in protected activity under the False Claims Act, which includes observing illegal action and confronting his/her employer about the illegality of the same.

29.     During Plaintiff's January 2021 meeting with Norwood, he reported what he reasonably believed to be fraudulent billing practices that Defendant required of him as a Paramedic.

30.     Plaintiff's confrontation with Norwood—the individual behind the implementation of these billing practices—had a nexus to potential fraud against the Government, as Plaintiff attempted to remedy the blatant but ongoing misconduct.

31.     Accordingly, Plaintiff engaged in protected activity pursuant to 31 U.S.C. § 3730(h)(1) and the False Claims Act, as amended in 2009.

32.     As a result of Plaintiff's protected activity, Plaintiff was baselessly terminated within a matter of weeks.

33.     Plaintiff was not provided any reasonable basis for his termination.

34.     Defendant and its agents, servants and/or employees' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

35.     As a direct and proximate result of Defendant's unlawful actions and retaliations against Plaintiff as described herein, Plaintiff has suffered injuries and

damages, including, wage loss, 2 times the amount of wage loss, special damages and any other damages provided for in 31 U.S.C. § 3730(h)(2).

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment against Defendant in an amount in excess of $75,000.00, together with interest, costs, and reasonable attorney fees, and grant further such relief as this Court deems fair and just under the circumstances.

## COUNT II – RETALIATION IN VIOLATION OF THE WHISTLE BLOWERS PROTECTION ACT-, M.C.L. § 15.361 *et seq*.

36. Plaintiff hereby restate and re-allege the allegations contained in paragraphs 1 through 35 above, as though fully set forth herein.

37. The Whistle Blowers Protection Act, M.C.L. § 15.362. states that an "employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state…"

38. At all material times, Plaintiff was an employee of Defendant covered by and within the meaning of the WPA, M.C.L. § 15.361(a).

39. As an employer within the meaning of the WPA, M.C.L. § 15.361(b), Defendant owed Plaintiff a duty not to discharge/retaliate against him with respect

to his employment, hiring, compensation, or other conditions or privileges of employment on the basis of reporting or being about to report a violation of Michigan law by Defendant.

40.  Plaintiff engaged in statutory protected activity when he informed Defendant, specifically Norwood, that he was going to report Defendant for embezzlement to the Southfield Police Department in January of 2021.

41.  It is upon information and belief that Defendant believed that Plaintiff was going to report it for embezzlement.

42.  Defendant, by and through its agents, servants, and/or employees, subsequently took adverse, retaliatory action against Plaintiff including, but not limited to, terminating Plaintiff within a matter of weeks of Plaintiff engaging in protected activity.

43.  Plaintiff was subjected to this adverse action due to Defendant's notice of Plaintiff's intention to file a police report with the Southfield Police Department regarding embezzlement of employee health insurance payments, which was in violation of the WPA, M.C.L. § 15.362.

44.  Defendant and its agents, servants and/or employees' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

45.  As a direct and proximate result of Defendant's unlawful actions and retaliations against Plaintiff as described herein, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning

capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, loss of the ordinary pleasures of life and any other damages permissible under the Whistleblowers' Protection Act.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment against Defendant in an amount in excess of $75,000.00, together with interest, costs, and reasonable attorney fees, and grant further such relief as this Court deems fair and just under the circumstances.

Respectfully Submitted,

RASOR LAW FIRM, PLLC

*/s/ Andrew J. Laurila*
ANDREW J. LAURILA (P78880)
Attorney for Plaintiff
201 E. 4th Street
Royal Oak, MI 48067

Dated: April 1, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN LOMAKOSKI,

      Plaintiff,                             Civil Action No.:
                                            Honorable
v

TOTAL RESPONSE EMS,
INC.,

      Defendant.

_____

JAMES B. RASOR  (P 43476)
ANDREW J. LAURILA  (P 78880)
Rasor Law Firm, PLLC
Attorneys for Plaintiff
201 E. Fourth Street
Royal Oak, MI  48067
248/543-9000 // 248/543-9050 fax
_____

## **DEMAND FOR JURY TRIAL**

      **NOW COMES** Plaintiff, by and through his attorneys, RASOR LAW FIRM, and

hereby requests trial by jury in the above-captioned matter.

                             Respectfully Submitted,

                             RASOR LAW FIRM, PLLC
                             */s/ Andrew J. Laurila*
                             ANDREW J. LAURILA (P78880)
                             Attorney for Plaintiff
                             201 E. 4th Street
                             Royal Oak, MI 48067

Dated: April 1, 2021